SEMNAR & HARTMAN, LLP
Babak Semnar (SBN 224890)
bob@sandiegoconsumerattorneys.com
Jared M. Hartman, Esq. (SBN 254860)
jared@sandiegoconsumerattorneys.com
400 South Melrose Drive, Suite 209
Vista, CA 92081
Ph: (951) 293-4187
Fax: (888) 819-8230

Attorneys for Plaintiff
MATTHEW ADAMS

# U.S. DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW ADAMS, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> NATIONSTAR MORTGAGE, LLC; and DOES 1-10, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR VIOLATIONS OF:** <br> 1. **TELEPHONE CONSUMER PROTECTION ACT,** <br> 2. **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT,** <br> 3. **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT,** |

TO THE CLERK OF THE COURT, ALL PARTIES, AND THE HONORABLE U.S. DISTRICT COURT JUDGE:

Plaintiff, an individual, by and through her attorneys of record, BABAK SEMNAR and JARED M. HARTMAN of SEMNAR & HARTMAN, LLP, hereby complains and alleges as follows:

## INTRODUCTION

1.    Plaintiff, through her attorneys, brings this action to challenge the actions

1

**Complaint for Damages**

of Defendant NATIONSTAR MORTGAGE, LLC (hereinafter "NATIONSTAR") for unlawful harassment in connection with alleged debt collection activity, and for calling Plaintiff's wireless cellular telephone multiple times—without prior express consent— by utilizing an automatic telephone dialing system (ATDS) and pre-recorded and artificial voice messages, and for persisting in calling him despite his insistence to the contrary, and for furnishing inaccurate information upon Plaintiff's consumer credit reports.

2.    Plaintiff makes the allegations below on information and belief, with the exception of those allegations that pertain to Plaintiff's personal knowledge.

## JURISDICTION & VENUE

3.    This action partially arises out of Defendant NATIONSTAR's violations of the Telephone Consumer Protection Act (TCPA), over which the U.S. District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, (*Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012)); and State of California causes of action, over which the U.S. District Court has supplemental jurisdiction 28 U.S.C. § 1367(a).

5.    Because Defendant regularly does business in the County of Los Angeles, State of California and maintains an agent for service of process at CSC LAWYERS INCORPORATING SERVICE, 2730 Gateway Oaks Drive, City of Sacramento, State of California, personal jurisdiction is established.

6.    Because all tortious conduct occurred while Plaintiff resided in the County of Los Angeles, and witnesses are located within this location, venue properly lies in

1 | this court.

## **PARTIES & DEFINITIONS**

7.    Plaintiff is a natural person.

8.    Defendant NATIONSTAR regularly does business in the State of California by issuing lines of credit to California residents and regularly contacting residents therein in attempt to collect upon the lines of credit.

9.    Plaintiff is a natural person, and is therefore a "person" as that term is defined by California Civil Code § 1788.2(g) of the Rosenthal Act.

10.    Plaintiff is a "debtor" as that term is defined by California Civil Code § 1788.2(h) of the Rosenthal Act, as she is alleged to owe financial obligations to Defendant arising out of a line of personal credit issued by Defendant for use in her personal life.

11.    The credit extended by Defendant constitutes a "consumer credit transaction", as that term is defined by California Civil Code § 1788.2(e) of the Rosenthal Act, because finances were provided as a home mortgage loan in exchange for him re-paying to Defendant the principal plus interest in the future.

12.    Because Plaintiff, a natural person, was allegedly obligated to pay money to Defendant for a home mortgage loan, the money allegedly owed was therefore both a "consumer debt" as that term is defined by California Civil Code § 1788.2(f) of the Rosenthal Act and a "debt" as that term is defined by California Civil Code § 1788.2(d) of the Rosenthal Act.

13.     Defendant, in the ordinary course of business, regularly, and on behalf of themselves, engages in the practice of collecting "consumer debts", and thereby engages in "debt collection" as that term is defined by California Civil Code section 1788.2(b) of the Rosenthal Act.

14.     Because Defendant engages in "debt collection", Defendant is therefore a "debt collector" as that term is defined by California Civil Code section 1788.2(c) of the Rosenthal Act.

15.     With regards to the TCPA cause of action, Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California, and therefore is and was a "person" as defined by 47 U.S.C. § 153(39).

16.     Defendant, is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153(39).

17.     As it pertains to the California CCRAA, Plaintiffs are natural persons, and are therefore "consumers" as that term is defined by Calif. Civ. Code § 1785.3(b) of the California CCRAA.

18.     As it pertains to the California CCRAA, the causes of action herein pertain to Plaintiffs' "consumer credit reports", as that term is defined by Calif. Civ. Code § 1785.3(c) of the California CCRAA, in that inaccurate misrepresentations of Plaintiffs' creditworthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purpose of

**Complaint for Damages**

1  serving as a factor in establishing Plaintiffs' eligibility for, among other things, credit to

2  be used primarily for personal, family, or household purposes, and employment

3  purposes.

4      19.    Defendants are both a partnership, corporation, association, or other entity,

5  and are therefore each a "person" as that term is defined by Calif. Civ. Code § 1785.3(j)

6  of the California CCRAA.

7  **FACTUAL ALLEGATIONS**

8      20.    Sometime prior to March 2014, Plaintiff incurred a First in Line home

9  mortgage loan that was serviced by Defendant NATIONSTAR and owned by HSBC

10  Bank USA, N.A. for the address 43 Chester Street, City of Los Gatos, State of

11  California.

12      21.    In March of 2014, the owner of the Second in Line mortgage—Malibu

13  Investments, LLC—initiated foreclosure proceedings upon the home and served

14  Plaintiff with a notice of eviction.

15      22.    Prior to April 2014, Plaintiff had never missed a mortgage payment with

16  Defendant NATIONSTAR.

17      23.    Plaintiff was informed that the foreclosure by the owner of the Second

18  mortgage would relieve Plaintiff of any obligation to pay upon the First mortgage, so

19  Plaintiff did not make the payment to Defendant NATIONSTAR for April 2014.

20      24.    In April 2014, Plaintiff informed Defendant NATIONSTAR of the

21  foreclosure and eviction and requested that Defendant NATIONSTAR stop calling him

about the mortgage payments since he had been informed that the purchaser of the home would take over the obligation to pay Defendant NATIONSTAR to release the First in Line mortgage lien.

25.    The purchaser of the home eventually paid the outstanding First in Line mortgage to Defendant NATIONSTAR in July 2015.

26.    However, despite Plaintiff's instructions to stop calling him in April 2014, Defendant NATIONSTAR persisted in calling Plaintiff at least 50 times between April 2014 to July 2015 in an effort to collect upon the outstanding mortgage payments for those months.

27.    Plaintiff believes the calls far exceed the "at least 50 times" amount above, as Plaintiff is informed and believes that many missed calls placed by Defendant that did not record air time on Plaintiff's cell phone bill were not recorded upon his cell phone records.

28.    Defendant's calls to Plaintiff have been placed to his wireless cellular telephone ending in 8266 with an automatic telephone dialing system ("ATDS").

29.    Every call placed to Plaintiff's wireless cellular telephone that Plaintiff answered resulted in him hearing a pre-recorded and/or artificial message informing him that the call was being placed by Defendant NATIONSTAR and asking for Plaintiff to hold for a live agent.

30.    The fact that the calls were placed with pre-recorded and/or artificial voice messages has given Plaintiff the information and belief that every call placed by

**Complaint for Damages**

Defendant NATIONSTAR was done with an automatic telephone dialing system ("ATDS").

31.    An ATDS is equipment that has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and utilizes such equipment to dial such numbers, as defined in 47 U.S.C. § 227(a)(1)(A)-(B). Automatic telephone dialing systems place calls without human intervention until a connection is made with a person on the receiving end of the call, at which time the dialers attempt to connect the recipient with a live agent of the debt collector.

32.    The calls to Plaintiff's wireless cellular telephone were not for emergency purposes, as they were intended solely for debt collection activity, as the only basis for the calls was for Defendant NATIONSTAR to attempt to collect upon the First in Line mortgage.

33.    Defendant NATIONSTAR would placed its calls from different phone numbers, such as 888-480-2432 and 866-316-2432.

34.    Beginning in November 2014, Defendant NATIONSTAR began sending letters to Plaintiff threatening an intent to foreclose if Plaintiff did not contact them to discuss payment arrangements for the outstanding amount.

35.    During telephone conversations with agents and employees of Defendant NATIONSTAR, Plaintiff repeatedly informed them that he had already been evicted from the home and they needed to collect the mortgage payment from the purchaser of the property.

**Complaint for Damages**

36.     Plaintiff has faxed to Defendant's agents multiple times the paperwork proving his eviction from the home due to foreclosure by the Second in Line mortgagor.

37.     During multiple phone conversations, Defendant's agents would threaten to foreclose upon the home if Plaintiff did not pay them the outstanding balance in full, upwards of $240,000.00.

38.     Defendant NATIONSTAR never once actually instituted foreclosure proceedings, which means Defendant NATIONSTAR's written letters from November 2014 to May 2015 threatening foreclosure were false threats intended to intimidate Plaintiff into paying upon the outstanding mortgage.

39.     Defendant NATIONSTAR's efforts to collect from Plaintiff finally ceased when the purchaser of the property paid the outstanding mortgage in full to Defendant in July 2015.

40.     In September 2015, Defendant NATIONSTAR inaccurately reported upon Plaintiff's consumer credit reports that Plaintiff had included the loan in a Chapter 13 bankruptcy proceeding that was dismissed on July 31, 2015, which is not accurate because it was dismissed July 10, 2014.

41.     Further, Plaintiff's September and October 2015 consumer credit reports show that Defendant has inaccurately reported him as not being late until October 2014, which is not accurate because he was late in April 2014, and Defendant's inaccurate reporting in this manner will cause the derogatory reporting to be listed upon his consumer credit report for longer than permitted under 15 U.S.C. 1681c of the Federal

**Complaint for Damages**

Fair Credit Reporting Act.

42. Plaintiff's December 2015 consumer credit report also shows that Defendant has reported him as having included the mortgage in a Chapter 7 bankruptcy that was dismissed, which is not accurate because it was a Chapter 13 bankruptcy petition that was dismissed July 10, 2014 and this inaccurate information makes it appear as if Plaintiff was seeking a complete discharge of his debts as opposed to a restructuring of payments upon his debts.

43. Defendant's unlawful harassment in connection with unnecessary debt collection activity has caused mental anguish to Plaintiff, in that he has suffered annoyance, anxiety, stress, loss of sleep, feelings of hopelessness and despair over the fact that he was being constantly harassed by Defendant's incessant calls and refusal to honor his requests to stop calling him, and by also furnishing inaccurate information upon his consumer credit reports that have the consequence of making the derogatory reporting stay upon his reports longer than required and by making it appear as if Plaintiff was seeking a complete discharge of his debts as opposed to a restructuring of payments upon his debts.

## FIRST CAUSE OF ACTION
### (TCPA)
### 47 U.S.C. § 227(b)

44. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

45. Defendant violated 47 U.S.C. 227(b)(1)(A)(iii) of the TCPA by using an

automatic telephone dialing system (ATDS) and artificial voice messages to call Plaintiff's wireless cellular phone at least 50 times after Plaintiff specifically instructed Defendant in April 2014 to stop calling him.

46. Since the calls were placed for debt collection attempts, the calls were not for emergency purposes.

47. Plaintiff is informed and believes that these violations were willful, as Defendant was instructed by Plaintiff multiple times to stop calling yet Defendant persisted in its calls even though it is clearly aware of the prohibitions of the TCPA due to previous lawsuits.

### SECOND CAUSE OF ACTION
**CALIF. ROSENTHAL ACT**
**CALIF. CIV. CODE §§ 1788-1788.32**

48. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

49. By repeatedly calling Plaintiff despite his clear insistence that the calls stop, Defendant has engaged in engaged in unfair and unconscionable means in an attempt to collect a debt in violation of 15 U.S.C. § 1692f; has communicated with her in a manner that Defendant had reason to know was not convenient to her in violation of 15 U.S.C. § 1692a(1); and has engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. § 1692d. These constitute violations of the Rosenthal Act as they have been incorporated therein by Calif. Civ. Code § 1788.17.

50.     By reporting upon Plaintiffs' consumer credit reports the false information that Plaintiff was not late until October 2014 and that he had included in the debt in a Chapter 7 bankruptcy petition, Defendant NATIONSTAR has therefore committed the following violations, all of which constitute violations of the Rosenthal Act as they have been incorporated therein by Calif. Civ. Code § 1788.17:

  a.  Engaged in false, deceptive, or misleading representation or means in connection with the collection of a debt in violation of 15 U.S.C. § 1692e,

  b.  Has falsely represented the character and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A),

  c.  Has communicated to the credit reporting agencies information that is known or should be known to be false in violation of 15 U.S.C. § 1692e(8),

  d.  Has used false representations and deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692e(10), and

  e.  Engaged in unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f.

51.     By threatening foreclosure multiple times between November 2014 to May 2015 without a true intent to actually commence foreclosure, which is supported by the fact that no foreclosure proceedings ever once commenced, it is clear that Defendant NATIONSTAR's threats were merely intended to scare Plaintiff and his family into making payments to Defendant, and Defendant NATIONSTAR therefore violated all of

**Complaint for Damages**

the following provisions, all of which have been incorporated into the Rosenthal Act via Calif. Civil Code § 1788.17 and are therefore all violations of the Rosenthal Act:

    a. Engaged in oppressive conduct in connection with the attempt to collect a debt in violation of 15 U.S.C. § 1692d;

    b. Uttered false, deceptive, and misleading representations in connection with its attempt to collect a debt in violation of 15 U.S.C. § 1692e;

    c. Used false representation or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692e(10);

    d. Used unfair and unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f; and

    e. Threatened non-judicial dispossession of the property without the present intention to take the property in violation of 15 U.S.C. § 1692f(6).

52.    Plaintiff is informed and believes that Defendant's violations above were willful, as Plaintiff has furnished to Defendant's employees and agents proof of the eviction and foreclosure multiple times, yet Defendant persisted in its attempts to collect the outstanding amounts from Plaintiff through the above unlawful means.

### THIRD CAUSE OF ACTION
### CALIF. CCRAA
### CALIF. CIV. CODE §§ 1785.25

53.    Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs as if fully stated herein.

54.    As the furnisher of information to credit reporting agencies, Defendant

NATIONSTAR is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if it knew or should have known the information was incomplete or inaccurate, as required by Calif. Civ. Code § 1785.25(a) of the California CCRA.

55.     Because Defendant NATIONSTAR reported upon Plaintiff's consumer credit reports the false information that he was not late until October 2014 and he included the debt in a Chapter 7 bankruptcy petition, Defendant NATIONSTAR has thereby repeatedly violated its obligations under Calif. Civ. Code § 1785.25(a).

56.     Plaintiffs are informed and believes that these violations were willful, in that Defendant had to only review its own records to know that he was late in April of 2014 and that he petitioned for a Chapter 13 bankruptcy.

57.     Defendant's inaccurate reporting has the consequence of making the derogatory reporting stay upon his consumer credit reports for months longer than required by the Federal FCRA and also creates the false impression that he sought a complete discharge of the debt as opposed to a re-structuring of the payments upon the debt.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant as follows:

**As to the First Cause of Action (TCPA):**

1.     As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1),

13

**Complaint for Damages**

1  Plaintiff seeks $500.00 in statutory damages for each and every violation, pursuant to

2  47 U.S.C. § 227(b)(3)(B);

3       2.      As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §

4  227(b)(1), Plaintiff seeks $1,500.00 in statutory damages, for each and every violation,

5  pursuant to 47 U.S.C. § 227(b)(3)(B);

6       3.      Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such

7  conduct in the future.

8  **As to the Second Cause of Action (Rosenthal Act):**

9    1. An award of actual damages of $50,000.00, or as the jury may allow, for
10      emotional distress and mental anguish pursuant to California Civil Code section
11      1788.30(a), as will be proven at trial; plus

12   2. An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §
13      1788.30(b) for willful and knowing violations, which is cumulative and in
14      addition to all other remedies pursuant to California Civil Code § 1788.32; plus

15   3. An additional award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §
16      1692k(a)(2)(A), as incorporated into the Rosenthal Act via Calif. Civ. Code
17      §1788.17, which is cumulative and in addition to all other remedies pursuant to
18      California Civil Code § 1788.32; plus

19   4. An award of costs of litigation and reasonable attorney's fees, pursuant to Cal.
20      Civ. Code section 1788.30(c).

21   5. Injunctive relief to prohibit Defendants from engaging in future violations.

**Complaint for Damages**

**As to the Third Cause of Action (Calif. CCRAA):**

1. An award of actual damages of $50,000.00, or as the jury may allow, for emotional distress and mental anguish for Defendant's negligent violations of Calif. Civ. Code § 1785.25(a), pursuant to Calif. Civ. Code § 1785.31(a)(1); or

2. Actual damages as specified above plus punitive damages of $5,000.00 for every willful violation of Calif. Civ. Code § 1785.25(a) by Defendant, pursuant to Calif. Civ. Code § 1785.31(a)(2)(A)-(C); plus

3. Injunctive relief for Defendant to remove all inaccurate and incomplete derogatory reporting of the account in question, pursuant to Calif. Civ. Code § 1785.31(b);

4. Any reasonable attorney's fees and costs to maintain the instant action, pursuant to Calif. Civ. Code § 1785.31(d).

DATED: 12/28/2015                           /s/ Jared M. Hartman, Esq.
                                            JARED M. HARTMAN, ESQ.
                                            Attorney for Plaintiff,

**TRIAL BY JURY**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATED: 12/28/2015                           /s/ Jared M. Hartman, Esq.
                                            JARED M. HARTMAN, ESQ.
                                            Attorney for Plaintiff,

**Complaint for Damages**